UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. MARTINEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ROBERT H. TRIMBLE,<br><br>　　　　　Respondent. | 1:11-cv-00572 AWI MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 12] |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent, Robert H. Trimble, as warden of Pleasant Valley State Prison, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Craig S. Meyers, Esq. of the office of the Attorney General of California.

**I.    BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his May 6, 2008 conviction of second degree murder and actively participating in a criminal street gang. Petitioner was sentenced to an indeterminate prison term of forty years to life.

Petitioner thereafter appealed the conviction.  On December 18, 2009, the California

Court of Appeal, Fifth Appellate District affirmed the Judgment. (Lodged Doc. No. 1.) On January 11, 2010, Petitioner filed a petition for review with the California Supreme Court. (Id.) Review was summarily denied by the California Supreme Court on March 24, 2010. (Lodged Doc. No. 2.)

On July 12, 2010, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Lodged Doc. No. 3.) The petition was denied on February 16, 2010. (Lodged Doc. 4.)

On April 7, 2011, Petitioner filed the instant petition for writ of habeas corpus in this Court raising seven different claims for relief, listed as follows:

1.) Petitioner was denied his right to Due Process and a fair trial when the court allowed inadmissible gang evidence;

2.) The jury was inadequately instructed with CALCRIM No. 1400;

3.) The police misled Petitioner on his right to counsel, rendering his Miranda warnings ineffective;

4.) Petitioner was denied his right to confrontation when the pathologist testified;

5.) Petitioner was denied his right to confrontation when the trial court excluded evidence of Sandoval's sentence;

6.) Petitioner was denied his right to Due Process and a fair trial by the prosecution arguing that Petitioner was responsible for gang tagging, and;

7.) Petitioner was denied his right to Due Process and a fair and impartial jury by the trial court's failure to properly instruct the jury on the elements of second degree murder.

(Pet. at 4-7, ECF No. 1.)

On November 14, 2011, Respondent filed a motion to dismiss based on Petitioner's failure to exhaust claim seven of the petition. (Mot. To Dismiss, ECF No. 12.) In support of the motion to dismiss, Respondent lodged the relevant petitions for review and petition for writ of habeas corpus in state court. Petitioner did not file objections to the motion to dismiss.

///

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

### B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon

and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.

The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

As stated above, Petitioner raises seven claims for relief. Respondent claims that Petitioner's seventh claim for relief, in which Petitioner asserts that he was denied his right to due process and a fair and impartial jury by the trial court's failure to properly instruct the jury on the elements of second degree murder, was not presented to the California Supreme Court. Specifically, Respondent asserts that Petitioner's "first six claims were twice presented to, and twice denied, by th California Supreme Court." (Mot. to Dismiss at 3.) Such is not the case.

A review of the state court pleadings corroborate that claims one through six were presented to the California Supreme Court in Petitioner's petition for review. (Lodged Doc. No. 1.) However, Petitioner did not present the same claims in his petition for writ of habeas corpus. Instead, he filed two claims for relief. (Lodged Doc. No. 3.) Petitioner's second claim

-4-

in the petition was the "trial court's failure to adequately instruct on the element of a crime..."(Id. at 5.) Petitioner's second claim for relief in his state petition is substantially the same as the seventh claim presented in his federal petition. Petitioner's statement of the claim in the points and authorities of the present petition at times uses identical language to that presented in his state petition and cites to the same legal authority.

Petitioner presented his seventh claim for relief to the California Supreme Court, thereby exhausting his state remedies. Respondent's factual assertions otherwise lack merit. Accordingly, the Court recommends that Respondent's motion to dismiss be denied.

### III. **RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the motion to dismiss for failure to exhaust state remedies be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 3, 2012          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE