IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. MARTINEZ,<br><br>                       Petitioner,<br><br>    v.<br><br>MATTHEW CATE,<br><br>                       Respondent. | Case No. 1:11-cv-00572 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING CLAIM SEVEN OF PETITION FOR WRIT OF HABEAS CORPUS** |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented by Craig S. Meyers of the office of the California Attorney General.

**I.     PROCEDURAL BACKGROUND**

      Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by jury trial on May 6, 2008, of second degree murder, participation in a criminal street gang, and other charges. (Clerk's Tr. at 506-08.) On June 30, 2008, Petitioner was sentenced to an indeterminate term of forty years to life in state prison. (Id.)

      After filing his state appeals, Petitioner filed his federal habeas petition on April 7,

1

2011. (Pet., ECF No. 1.) The petition raised seven different claims for relief. On June 19, 2014, the Magistrate Judge issued findings and a recommendation to deny the petition. (ECF No. 26.) Petitioner filed objections on July 25, 2014, and on January 20, 2015, the District Court Judge adopted the findings and recommendation in part with regard to the first six claims of the petition. (ECF Nos. 27-28.) However, the District Court referred the matter to the Magistrate Judge for further review of Petitioner's seventh claim for relief in which he asserts that his right to Due Process and a fair and impartial jury was denied by the trial court's failure to properly instruct the jury on the elements of second degree murder. (Pet. at 4-7, ECF No. 1.)

The Court shall review Petitioner's seventh claim below. The factual and procedural history of the petition were set out in the Findings and Recommendation issued on June 19, 2014, and shall not be repeated here.

**II.     REVIEW OF CLAIM 7: INSTRUCTIONAL ERROR**

Petitioner contends that the trial court failed to adequately respond to the jury's request regarding whether they could convict Petitioner of a lesser offense. Petitioner asserts that the error violated his right to a fair trial.

**A.     Relevant Facts**

During deliberations, the jury posed a question to the trial court whether Petitioner could abet a lesser crime than the crime which the perpetrator is charged. (Clerk's Tr. at 465; Rep. Tr. at 1537-38.) After debating in court whether the question was ambiguous, the court responded by stating, yes, the person can abet to a lesser crime, and referred the jury to jury instructions relating to aiding and abetting. (Clerk's Tr. at 465.)

The jury followed up by posing a second question asking, "If we find the perpetrator guilty of murder I (One), can the aider and abettor be found guilty of a lesser crime, or must the abettor be also found guilty of murder I?" (Clerk's Tr. at 466.) The court again returned an answer stating, "Yes, the aider and abettor can be found guilty of a lesser crime." (Id.) The jury ultimately found Petitioner's accomplice, the active shooter in the crime, guilty of first degree murder, and Petitioner guilty of the lesser crime of

second degree murder.

Petitioner asserts that the trial court failed to adequately respond to the jury's questions with sufficient specificity. Petitioner contends that the court's inadequate instructions improperly instructed the jury with regard to premeditation and resulted in an "erroneous conviction for a non-existent murder." (Pet. at 18-20.)

### B. State Court Decision

Petitioner presented this claim by way of writ of habeas corpus to the California courts. The claim was denied in a decision by the Stanislaus County Superior Court, the and summarily denied by the California Court of Appeal and California Supreme Court. (See Lodged Docs. 18-23.) Because the California Supreme Court's opinion is summary in nature, this Court "looks through" that decision and presumes it adopted the reasoning of the California Court of Appeal, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n.3 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under 28 U.S.C. § 2254(d)(1)).

In denying Petitioner's claim, the Stanislaus County Superior Court explained, "The court finds that all the issues raised in the writ were appropriately considered by the Appellate Court, or if not, could have been. Accordingly, the Court orders that the writ is summarily denied. " (Lodged Doc. 19.)

Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, "does not require that there be an opinion from the state court explaining the state court's reasoning." Richter, 131 S. Ct. at 784-85. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id. ("This Court now holds and reconfirms that § 2254(d) does not require a state

court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"). "Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786.

### C. Statement of Law

Jury instructions are generally matters of state law for which federal habeas relief is not available, except insofar as an instructional error implicates the fundamental fairness of a trial in violation of due process or infringes upon an enumerated federal constitutional right. See Waddington v. Sarausad, 555 U.S. 179, 129 S. Ct. 823, 172 L. Ed. 2d 532 (2009); Estelle v. McGuire, 502 U.S. 62, 71-72, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). For example, jury instructions may be challenged as constitutionally infirm if they had the effect of relieving the State of its burden of persuasion, beyond a reasonable doubt, on every essential element of a crime. Francis v. Franklin, 471 U.S. 307, 313, 105 S. Ct. 1965, 85 L. Ed. 2d 344 (1985) (citing Sandstrom v. Montana, 442 U.S. 510, 520-524, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). Even if an error occurred in instructing the jury, however, habeas relief will be granted only if the petitioner can establish that the error had a substantial and injurious effect or influence in determining the jury's verdict. Hedgpeth v. Pulido, 555 U.S. 57, 129 S. Ct. 530, 532, 172 L. Ed. 2d 388 (2008) (holding that instructional errors that do not "categorically 'vitiat[e] all the jury's findings" are subject to harmless error analysis (alteration in original)); Brecht v. Abrahamson, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993).

### D. Analysis

Petitioner argues that the Court improperly instructed the jury regarding the elements of the offense, and lowered the burden of proof as to the murder charge. Specifically, Petitioner asserts that the trial court's instruction lead the jury to believe premeditation must be found, thereby not allowing the jury to convict Petitioner of a lesser offense.

Despite his contentions otherwise, Petitioner was convicted of a lesser offense. Lopez, the principal actor in the crime, was convicted of first degree murder, which requires a showing of premeditation. (See Clerk's Tr. at 429.) Petitioner, on the other hand, was convicted as an abettor of second degree murder, which does not require a showing of premeditation. (Id.) Even though Petitioner was convicted of second degree murder, the jury found that Petitioner acted intentionally, deliberately, and with premeditation. (Clerk's Tr. at 455.) based on these additional findings, the jury found Petitioner guilty of the elements required to convict him of first degree murder, but convicted him of second degree murder instead.

Petitioner argues that the trial court's instructions "led the jury to believe premeditation must be found on the abettors behalf rendering them unable to convict on a lesser crime…" (Pet. at 19-20.) The jury convicted Petitioner of a lesser crime than the principal, despite the fact that they found that Petitioner acted with premeditation. As described, the jury asked if they could find Petitioner guilty of a lesser offense, the Court instructed the jury that they could, and the jury returned a verdict for the lesser offense. Petitioner benefitted from the instructions of the Court. Unlike his co-defendant who was convicted of first degree murder, Petitioner was convicted of second degree murder.

Petitioner has not demonstrated the instruction rendered his trial fundamentally unfair. Estelle, 502 U.S. at 72. Petitioner benefited from the instruction and was convicted of the lesser offense. Moreover, even if the Court's instruction was improper, Petitioner has not shown that he was harmed by the instruction. See Brecht, 507 U.S. at 637. The state court was reasonable in rejecting Petitioner's claim. The Court recommends that Petitioner's seventh claim for relief be denied.

### III. RECOMMENDATION

Accordingly, it is hereby recommended that the seventh claim of the petition for writ of habeas corpus be DENIED with prejudice.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after

being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   February 3, 2015              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE