1
2
3
4
5                     IN THE UNITED STATES DISTRICT COURT
6               FOR THE EASTERN DISTRICT OF CALIFORNIA
7

8   **DANIEL J. MARTINEZ,**

9                                  Petitioner,

10          **v.**

11

12  **MATTHEW CATE,**

13                                 Respondent.

14

Case No. 1:11-cv-00572 AWI MJS (HC)

**ORDER   DENYING   MOTION   FOR RECONSIDERATION**

**(Doc. 34)**

15

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

17  corpus pursuant to 28 U.S.C. § 2254.

18          On March 27, 2015, the undersigned denied the petition, issued a limited

19  certificate of appealability as to claim three, and declined to issue a certificate of

20  appealability for the remaining claims.  On April 20, 2015, Petitioner filed a motion to

21  alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).

22  **I.      LEGAL STANDARD**

23          Relief under Rule 59(e) is appropriate when the district court is presented with

24  newly discovered evidence, the district court committed clear error, or a change in

25  controlling law intervenes.  See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,

26  5 F.3d 1255, 1262 (9th Cir. 1993).  To avoid being frivolous, such a motion must provide

27  a valid ground for reconsideration.  See MGIC Indem. Corp. v. Weisman, 803 F.2d 500,

28  505 (9th Cir. 1986).  A motion to alter or amend a judgment pursuant to Rule 59(e) "must

be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Petitioner filed the motion 12 days after the judgment was filed.  Accordingly, the motion is timely.

## II.    DISCUSSION

In his motion for reconsideration, Petitioner asserts that the Court erred in denying claims three, six, and seven of the petition.  However, Petitioner does not set forth any arguments or evidence that have not already been considered by this Court.  Petitioner asserts that the Court committed error by determining that the state court's denial of the claims was reasonable.  Petitioner argues that the Court found that it was possible that the evidence indicated there was further interrogation after the invocation of Petitioner's Miranda rights, but unreasonably provided deference to the state court decision denying the claim.  Likewise, Petitioner contends that the Court incorrectly determined that the statements by the prosecutor implicating that Petitioner was the party that tagged the street in front of the victim's house was not prosecutorial misconduct.  Finally, Petitioner argues that the Court improperly denied his claim that instructional error violated his right to a fair trial.  Petitioner presented similar arguments in his Petition, which the Court, upon review, found insufficient to warrant relief.  His contentions in his motion for reconsideration fare no better.  Petitioner has not presented newly discovered evidence, shown that the district court committed clear error, or that a change in controlling law to warrant amending or altering the judgment.

## III.    ORDER

IT IS HEREBY ORDERED that Petitioner's motion to alter or amend the judgment (Doc. 34) is DENIED.

IT IS SO ORDERED.

Dated:   June 29, 2015                           _____

                                    SENIOR  DISTRICT  JUDGE