UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. MARTINEZ,<br><br>    Petitioner,<br><br>v.<br><br>MATTHEW CATE,<br><br>    Respondent. | No. 1:11-cv-00572-AWI-JDP (HC)<br><br>**ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Daniel J. Martinez, a state prisoner represented by counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. On March 27, 2015, the Court denied the petition, adopting findings and recommendations issued by a Magistrate Judge, but the Court also granted a certificate of appealability for Petitioner's third habeas claim that his waiver of *Miranda* rights was involuntary, and Petitioner appealed.

The United States Court of Appeals for the Ninth Circuit reversed the denial of the habeas petition. The Court of Appeals held that the only reasonable interpretation of what occurred between Petitioner and a detective who interrogated him was that the detective continued to interrogate Petitioner despite his clear, repeated invocation of right to counsel, that the California Court of Appeal unreasonably applied *Miranda*, *Innis*, *Edwards*, and related cases, and that no reasonable court could have concluded that the government overcame its burden to show a valid, subsequent waiver by Petitioner. *See* ECF No. 48 at 16-17. The Court of Appeals also expressed

1

"grave doubt" whether these constitutional error "had substantial and injurious effect or influence in determining the jury's verdict." *See id*. at 27 (quoting *Davis v. Ayala*, 135 S. Ct. 2187, 2197 (2015), 31. The Court of Appeals also instructed, "Unless the State of California elects to retry Martinez within a reasonable period of time to be determined by the district court, the district court shall issue the writ granting Martinez's habeas petition." *Id*. at 31.

The Court finds that a 60-day period is a reasonable time for the State of California to decide whether to retry Petitioner. In *Harvest v. Castro*, the Court of Appeals directed "the district court to order the state to release the petitioner unless the state either modifies the conviction to one for second degree murder or retries the petitioner." 531 F.3d 737, 740 (9th Cir. 2008) (quoting *Harvest v. Castro*, 121 F. App'x 216, 220 (9th Cir. 2005). The Court of Appeals later noted that the district court followed the mandate by issuing a conditional writ that required the state to release the petitioner "within sixty (60) days of the date of [its] Order unless within that period of time the state initiates proceedings to either modify the conviction to one for second degree murder or to retry Petitioner." *Id*. This Court will follow *Harvest* and issue a conditional writ ordering release of Petitioner unless the state initiates proceedings to retry Petitioner within sixty days. This Court has the authority to modify a conditional release order, but "such modifications are governed by the Habeas Rules and, by incorporation, the Rules of Civil Procedure, including Rule 60." *Id*. at 745.

**Order**

1. Petitioner's application for writ of habeas corpus is granted.
2. Respondent must release Petitioner from custody within sixty days of the date of this order unless within that period the State of California begins proceedings to retry Petitioner.

IT IS SO ORDERED.

Dated: October 12, 2018

_____
SENIOR DISTRICT JUDGE

2