UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>MATTHEW CATE,<br><br>Respondent. | No. 1:11-cv-00572-AWI-JDP (HC)<br><br>**ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner Daniel J. Martinez, a state prisoner represented by counsel, sought a writ of habeas corpus under 28 U.S.C. § 2254. On March 27, 2015, the Court denied the petition, adopting findings and recommendations issued by a Magistrate Judge, but the Court also granted a certificate of appealability. The United States Court of Appeals for the Ninth Circuit reversed the denial of the habeas petition. *See* ECF No. 48. The Court of Appeals also instructed, "Unless the State of California elects to retry Martinez within a reasonable period of time to be determined by the district court, the district court shall issue the writ granting Martinez's habeas petition." *Id*. at 31. This Court found that a 60-day period was a reasonable time for the State of California to decide whether to retry Petitioner and issued a conditional writ pursuant to the Court of Appeals' instruction. ECF No. 50. The state has informed this Court that it will retry Petitioner, ECF No. 51, and Petitioner has not informed this Court that his new state-court proceeding is deficient in any way.

When a state meets the terms of the habeas court's conditional writ, the habeas court does

not retain any further jurisdiction over the matter. *See Pitchess v. Davis*, 421 U.S. 482, 490 (1975) (per curiam) ("Neither Rule 60(b), 28 U.S.C.A. § 2254, nor the two read together, permit a federal habeas corpus court to maintain a continuing supervision over a retrial conducted pursuant to a conditional writ granted by the habeas court."). Once the terms of the conditional writ have been satisfied, the appropriate course of action for the district court is to dismiss the case for lack of jurisdiction. *See Eddleman v. McKee*, 586 F.3d 409, 414 (6th Cir. 2009). If petitioner seeks to challenge a matter pertaining to his new state-court proceeding, he must first exhaust his remedies in state court before seeking relief from this Court. *See Pitchess*, 421 U.S. at 489.

Although any party may move to reopen this case for good cause to challenge the satisfaction of the conditional writ's terms, this Court is satisfied that the terms of the conditional writ have been satisfied at this time. The Court will therefore dismiss the case and direct the Clerk of Court to close it.

**Order**

1. This case is dismissed.
2. The Clerk of Court is directed to close the case.
3. Any party may move to reopen the case for good cause.

IT IS SO ORDERED.

Dated: February 4, 2019

_____
SENIOR DISTRICT JUDGE